## Commonwealth v. Meyung

*Frank McGuigan,* for Commonwealth.
*Peter J. O'Brien,* for appellant.

WILLIAMS, P. J., December 7, 1973.—There is before us the appeal of Eugene Joseph Meyung from an order of the Secretary of the Department of Transportation suspending his motor vehicle operator's privilege for a period of three months. The matter was heard de novo. The Commonwealth produced as a witness the arresting officer. The appellant offered no testimony but demurred to the Commonwealth's evidence.

We make the following

### FINDINGS OF FACT

1. Appellant was arrested on June 27, 1972, on Route 940 in Paradise Township, Monroe County, Pa., and charged with having altered his driving license contrary to section 624(1) of The Vehicle Code of April 29, 1959, P.L. 58, as amended.

2. Appellant was convicted before a district magistrate on June 28, 1972, and paid a fine and costs.

3. As a result of the conviction, the Secretary of Transportation, on September 18, 1973, suspended appellant's license privilege for a period of three months.

4. The appeal order operated as a supersedeas pending hearing of the appeal.

5. On June 27, 1972, Trooper Ralph M. Young, of the Pennsylvania State Police, while on routine patrol duty, observed appellant operating his vehicle on

Route 940. He heard an excessive noise emanating from the vehicle. He reasoned the muffler on the vehicle might be in violation of The Vehicle Code and stopped the vehicle.

6. When the trooper was shown appellant's driver's license, he observed it had been altered.

7. Appellant informed the trooper that he had altered the license so that he could drink beer in Pennsylvania.

8. The altered license was not offered in evidence. The trooper testified that it was delivered to the Secretary of Transportation and had either been destroyed or remained in his office; that he had personally retained the license until the appellant pleaded guilty.

9. No evidence was submitted to show that the condition of the muffler violated the provisions of section 828 of The Vehicle Code.

## DISCUSSION

The legal issues raised by the demurrer are:

1. Appellant asserts that the trooper had no authority to stop his vehicle and make a routine check;

2. That the order of suspension was illegal, since it was based on an illegal arrest;

3. That the Commonwealth failed to meet its burden of proof when it failed to place the altered license in evidence.

In Commonwealth v. Swanger, 453 Pa. 107, 115 (1973), the Supreme Court held:

"We, therefore, hold before a police officer may stop a single vehicle to determine whether or not the vehicle is being operated in compliance with The Vehicle Code, he must have probable cause based on specific facts which indicate to him either the vehicle or the driver is in violation of the Code. See Almeida-Sanchez v. United States, — U.S. —, 93 S. Ct. 2535 (1973)."

We must determine if at the time the trooper stopped appellant's vehicle he was in possession of specific facts to determine whether or not the vehicle was being operated in compliance with The Vehicle Code. The only specific fact known to the trooper which induced him to stop appellant's vehicle was his observation that the vehicle was producing an excessive noise, which led him to reason the muffler of the vehicle caused the excessive noise.

The Supreme Court stated, page 110, that the only issue decided in Swanger is "whether a police officer may stop a single automobile without any outward sign of a violation of The Vehicle Code."

The question is, did the excessive noise produced by the operation of appellant's vehicle constitute an outward sign that the vehicle was not being operated in compliance with The Vehicle Code?

Section 828(a), (b), (c) and (d) of The Vehicle Code deals with "Prevention of noise."

Section 828.2 of the code deals with the "Noise limitations."

Section 828(b) specifically provides that it is unlawful to use a muffler cutout or a bypass in a muffler.

Section 828(c) specifically makes it unlawful to operate a motor vehicle on a highway, equipped with a muffler from which the baffle plates, screens or internal parts have been removed or altered.

Since the excessive noise testified to by the police officer may have been caused by a violation of either section 828(b) or (c), the probable cause mandated by Commonwealth v. Swanger, supra, would have been satisfied were it not for the provisions of section 828(d) which reads:

"(d) No violation charged under this section for causing excessive noise shall be proved except by the testimony of at least two (2) peace officers who were

354

on the scene of the alleged violation each testifying that in his opinion the noise caused was excessive and each describing such excessive noise."

Here, only one police officer was on the scene. The only reason he stopped the vehicle was the excessive noise emanating from it.

Under the provisions of section 828(d), the officer lacked probable cause to stop the vehicle, since his observation alone could not satisfy the proof requirements of section 828(d) of The Vehicle Code.

The requirements of Commonwealth v. Swanger, supra, not having been established or the proof required by section 828(d) not having been produced, we find that the order suspending the appellant's operator's license privileges was improperly entered.

## ORDER

And now, December 7, 1973, the appeal of Eugene Joseph Meyung from the order of the Secretary of Transportation suspending his motor vehicle operator's license privilege for a period of three months is sustained and the order of suspension dated September 18, 1973, is reversed.